<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT CHARLES MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> BUREAU OF PRISONS, et al., <br><br> Defendants. | Case No. 2:25-cv-16853 (BRM) (MAH) <br><br> **MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Robert Charles Morris' ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 4). Based on his affidavit of indigence (ECF No. 3), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court construes the Complaint as raising Eighth Amendment deliberate indifference claims under *Bivens* and claims under the FTCA, asserting Defendants Pradip M. Patel, Ekaterine Metreveli, and Denieca Taylor-Fearon failed to provide Plaintiff, a federal prisoner who at the time was housed at Fort Dix Federal Correctional Institution, with adequate medical care. (*See generally*

ECF No. 1.) The Court has screened the Complaint in this action for dismissal and has determined that Plaintiff's *Bivens* claims and FTCA claims against Defendants shall proceed.

Accordingly, and for good cause appearing,

**IT IS** on this 20th day of January 2026,

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter; and it is further

**ORDERED** that Plaintiff's IFP application (ECF No. 4) is **GRANTED**; and it is further

**ORDERED** that the Complaint (ECF No. 1) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Hudson County Correctional Facility; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. §§ 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit a refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA, *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's Complaint shall **PROCEED** in its entirety; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the Complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum Opinion and Order via regular mail.

        */s/ Brian R. Martinotti*
        HON. BRIAN R. MARTINOTTI
        UNITED STATES DISTRICT JUDGE